IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



SOFI LENDING CORP.,

    Plaintiff,

v.    Civil Action No. 1:17-cv-01289 (IDD)

GHAZEE MIAKHEL,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff SoFi Lending Corp.'s ("Plaintiff") Motion to Remand (Dkt. No. 3) pursuant to 28 U.S.C. § 1447(c). Plaintiff seeks an order remanding this matter to the General District Court for Loudoun County, which is where Plaintiff initiated this matter against Defendant Ghazee Miakhel ("Defendant"). Upon consideration of the pleadings, Plaintiff's Motion, and Defendant's Memorandum in Opposition to Motion to Remand (Dkt. No. 21), the Court finds that it lacks subject matter jurisdiction in this matter. For the reasons stated below, Plaintiff's Motion to Remand is **GRANTED**.

### I. BACKGROUND

Pursuant to section 16.1-79 of the Code of Virginia, Plaintiff filed a Warrant in Debt in the General District Court for Loudoun County to collect $19,831.29 from Defendant. (Dkt. No. 1-1 at 2.) Plaintiff subsequently filed a Bill of Particulars alleging that Defendant breached the loan agreement between the parties by not paying the amount due. (*Id.* at 21-22.) Defendant filed a motion to compel arbitration, which was denied. (*Id.* at 16.) However, Defendant had already initiated arbitration proceedings; thus, Plaintiff moved the state court to stay the arbitration. (*Id.* at 10.) On November 14, 2017, Defendant filed a Notice of Removal in this Court. (Dkt. No. 1.)

## II. STANDARD OF REVIEW

The federal removal statute allows a defendant to remove an action initiated in state court to "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, the district court must have subject matter jurisdiction over the action; otherwise, "the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). The burden of establishing subject matter jurisdiction is on the party seeking removal. *Mulcahey v. Columbia Organic Chems., Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Additionally, the Fourth Circuit strictly construes removal jurisdiction because of significant federalism concerns. *Id.*

Defendant cites "28 U.S.C. § 1331, 1441 and 1446, and 9 U.S.C. § 1-16" as grounds for removal. (Dkt. No. 1.) Sections 1441 and 1446 provide the procedure but not a basis for removal. *See* 28 U.S.C. §§ 1441, 1446. Therefore, the Court will only address Defendant's other two bases for removal, 28 U.S.C. § 1331 and 9 U.S.C. § 1 *et seq.* The Federal Arbitration Act, which is found at 9 U.S.C. § 1 *et seq.*, is not a source of federal jurisdiction. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983) (noting that an order compelling arbitration can issue in federal court "only when the federal district court would have jurisdiction over a suit on the underlying dispute"); *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991) ("[T]he FAA does not provide a basis for federal question jurisdiction for bringing a suit under the Act in federal court."). Section 1331 is the federal question statute, which provides "original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States" to the district courts. 28 U.S.C. § 1331.

When state law creates the cause of action, as it does here, federal jurisdiction turns on whether the plaintiff's demand "necessarily depends on resolution of a substantial question of

federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28 (1983). Notably, the question of federal law must be "presented on the face of the plaintiff's properly pleaded complaint" and not predicated on a defense or a counterclaim. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009).

### III. ANALYSIS

In its Motion to Remand, Plaintiff argues that federal jurisdiction cannot be based on the Federal Arbitration Act or Defendant's counterclaims, if any. (Dkt. No. 4.) Plaintiff also asserts that Defendant filed his Notice of Removal untimely. (*Id.*) Defendant contends that this Court has federal question jurisdiction under the Federal Arbitration Act and that he filed his Notice of Removal timely. (Dkt. No. 21.) Because the Court lacks subject matter jurisdiction, the issue of timeliness is not reached.

As the party seeking removal, Defendant bears the burden of establishing subject matter jurisdiction. *See Mulcahey*, 29 F.3d at 151. Defendant's federal question argument rests on Plaintiff's Motion to Stay Arbitration, which was filed in state court. Specifically, Defendant states that "Plaintiff amended its claim by requesting the court to Stay the arbitration proceeding" that was pending at the time Plaintiff filed its motion. (Dkt. No. 21 at 2.) Defendant's argument is misplaced because Plaintiff did not amend its claim by asking the state court to stay arbitration.

Even if Plaintiff did amend its complaint to include a stay of arbitration as relief, Defendant's argument would fail because the Federal Arbitration Act does not confer subject matter jurisdiction. *See Vaden*, 556 U.S. at 62-63. Defendant relies on the language in section 4, which provides that a party "may petition any United States district court which, save for such agreement, would have jurisdiction under title 28 . . . . " 9 U.S.C. § 4. "The phrase 'save for [the

3

arbitration] agreement' indicates that the district court should assume the absence of the arbitration agreement and determine whether it 'would have jurisdiction under title 28' without it." *Vaden*, 556 U.S. at 62 (quoting 9 U.S.C. § 4.) Simply put, Plaintiff would not be able to bring its suit in this Court because Plaintiff asserts breach of contract, a state law claim. *See Vaden*, 556 U.S. at 63-64 (explaining that the "save for" phrase in section 4 means that courts must "look through" the issue of arbitration altogether to determine subject matter jurisdiction).

Likewise, the Court lacks jurisdiction over Defendant's counterclaims of "FDCPA, TCPA and FCRA." (Dkt. No. 1.) Presumably, Defendant is referring to the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, because Defendant filed a Warrant in Debt with his Notice of Removal that references these statutes. (Dkt. No. 1-1 at 4.) However, Plaintiff argues that Defendant failed to serve the Warrant in Debt upon Plaintiff. (Dkt. No. 4 at 8 n.4.) Nonetheless, Defendant's counterclaims do not supply the necessary subject matter jurisdiction in this case. *See Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."). Therefore, the Court finds that Defendant failed to meet his burden of establishing subject matter jurisdiction. Accordingly, this matter must be remanded pursuant to 28 U.S.C. § 1447(c).

## IV. CONCLUSION

**For the reasons set forth above, Plaintiff's Motion to Remand is GRANTED.**

The Clerk is directed to forward copies of this Order to all counsel of record and the *pro se* party.

/s/
Ivan D. Davis
United States Magistrate Judge

January 19, 2018
Alexandria, Virginia

5